**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

IN RE:                                        **CASE NUMBER 18-11236**

**Donna L. Vinson**
        **aka Donna Lynn Vinson**
**Jeannie S. Edwards**
        **aka Jeannie Sue Edwards,**
                **DEBTOR(S)**                        **CHAPTER 7**

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(RE:  8916 ACACIA LANE, SHREVEPORT, LA 71118)**

NOW INTO COURT, through undersigned counsel, comes Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mover"), a corporation organized and existing under the laws of the United States of America, and respectfully represents:

I.

Donna L. Vinson and Jeannie S. Edwards filed a petition for relief under Chapter 7 of Title 11 of the United States Code on August 8, 2018.

II.

This court has jurisdiction to grant the relief sought herein pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

III.

John W. Luster has been appointed as the interim trustee.

IV.

Mover is the holder of a secured claim against the Debtors totaling the sum of $140,097.61 (through October 8, 2018), represented by one certain Promissory Note dated October 15, 2010, in the original principal sum of $163,906.00, payable to the order of

"Iberiabank Mortgage Company", executed by Donna Lynn Vinson, payable in monthly installments of principal and interest in the amount of $782.51 per month commencing on December 1, 2010, and on the first day of each month thereafter, and which note stipulates to bear interest at the rate of 4.0000% per annum from date until paid.  A copy of said note is annexed hereto and marked as Exhibit "A".

V.

The promissory note described above is secured by and paraphed "Ne Varietur" for identification with an Act of Mortgage dated October 15, 2010, passed by act before a Notary Public, and recorded in the Parish of Caddo, State of Louisiana on October 21, 2010, Intrument No. 2318875.  A copy of said mortgage is annexed hereto as Exhibit "B".  Said mortgage affects the following described property, to-wit:

> LOT 166, BROOKWOOD, UNIT NO. 3, A SUBDIVISION OF THE CITY OF SHREVEPORT, CADDO PARISH, LOUISIANA, AS PER PLAT THEREOF RECORDED IN CONVEYANCE BOOK 650, PAGE 631, OF THE OFFICIAL RECORDS OF CADDO PARISH, LOUISIANA, TOGETHER WITH ALL BUILDINGS AND IMPROVEMENTS LOCATED THEREON.

Which has the address of 8916 Acacia Lane, Shreveport, LA 71118.

VI.

The principal balance due and owing to Mover is the sum of $138,254.21, together with unpaid installments due from August 1, 2018 through October 1, 2018 in the sum of $1,174.11 each, together with attorney's fees and costs, all as more fully stipulated in said note and mortgage.

VII.

At the time of the filing of the instant Motion, payments to Mover are due from August 1, 2018, and since no other payments have been made, to the knowledge of Mover, the entire

unpaid principal balance of said mortgage and promissory note is due and owing. Accordingly, the amount due Mover under said note and mortgage is the sum of $138,254.21, together with interest at the rate of 4.00% per annum from July 1, 2018 until paid, late charges and attorney's fees, as well as all costs.

VIII.

The Debtors' Statement of Intention indicates the Debtors desire to surrender the mortgaged property to Mover in satisfaction of the debt owed to Mover. This motion is filed to give effect to the intentions of the Debtors. The Debtors' Schedules value the subject property at $159,000.00. Mover has secured a claim in the instant case totaling $140,097.61 (through October 8, 2018). Considering same, Mover submits that, although the Trustee has not disclaimed the property, there is insufficient equity to warrant administration of the subject property.

IX.

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary. Mover avers that it does not have and has not been offered adequate protection for its interest in said property, and that Mover will suffer irreparable injury, loss and damage unless the automatic stay is modified to permit Mover to foreclose its security interest in the above-described property. Mover also avers that this Court should find Rule 4001(a)(3) inapplicable and said Order rendered herein should have immediate effect allowing Mover to immediately implement and enforce the Order granted herein.

WHEREFORE, MOVER PRAYS that the automatic stay under 11 U.S.C. § 362 be modified and annulled as to Nationstar Mortgage LLC d/b/a Mr. Cooper to permit Nationstar Mortgage LLC d/b/a Mr. Cooper to pursue its security interest on the above described property and to immediately proceed with a foreclosure proceeding on its security interest bearing against said property and for all other relief as is just and proper in the premises.

Respectfully submitted,

SHAPIRO & DAIGREPONT, L.L.C.

BY:  */s/Remy F. Symons*
      Penny M. Daigrepont, Attorney
      Louisiana Bar Roll Number 30464
      L. Claire Mayer, Attorney
      Louisiana Bar Roll Number 31837
      Skye E. Prince, Attorney
      Louisiana Bar Roll Number 33114
      Emily E. Holley, Attorney
      Louisiana Bar Roll Number 36875
      Remy F. Symons, Attorney
      Louisiana Bar Roll Number 34553
      Sean E. Williams, Attorney
      Louisiana Bar Roll Number 37551
      Attorneys for Mover
      3510 N. Causeway Blvd., Suite 600
      Metairie, LA 70002
      (504) 831-7726
      rsymons@logs.com